Kim set up a non-profit Henderson Christian University ("HCU") at 7535 Little River Tpke, Suite 325, Annandale, Virginia 22003. (A true and correct copy of the check and corporate documents is attached hereto as Exhibit "28")

117.     The Board of Directors of HCU in Virginia were Henderson Belk, Paul Kim, Kyung Kim and Kathleen Chung. Defendant Kyung Kim on behalf of HCU signed the lease with the landlord on December 15, 2008 and Plaintiff Kathleen Chung paid $ 10,000.00 as a security deposit of the Lease and $ 500.00 for a fee of incorporating HCU in Virginia. This has the same name with Henderson Christian University ("HCU") located at 286-288 Eighth Avenue, Cramerton, North Carolina. (A true and correct copy of the checks and lease agreement is attached hereto as Exhibit "29")

118.     In or about February, 2009, the Paul Kim Defendants and the Kyung Kim Defendants used the mails or wires of the United States to file articles of organization with the State of Virginia and to file the tax identification number with IRS for Henderson Christian University in Virginia.

## I. GMT/Stanton University/Westminster University Scheme
## (The Second Scheme at 7535 Little River Tpke-Virginia)

119.     On April 27, 2009, only three months later of the first HCU scheme in Virginia, Defendants Henderson Belk, Paul Kim and Kyung Kim set up a school named Westminster University in the State of Virginia at the same address of 7535 Little River Tpke, Suite 325B, Annandale, Virginia 22003. The Board of Directors of Westminster University were Henderson Belk, Lynn Haines, Paul Kim and Kathleen Chung. Defendant Kyung Kim induced Plaintiff Kathleen Chung to pay the incorporation fee to Seokyu Kim, a certified public accountant, in the amount of $ 585.00. (A true and correct copy of the check and meeting of Board of Directors

is attached hereto as Exhibit "30")

120. On or about August 28, 2009, Defendants Kyung Kim, David Kwang Ho Kim, Jin Hee Hong, and Stanton University entered into contracts to set up Westminster University as a branch of Stanton University at 7535 Little River Turnpike, Annandale, in the State of Virginia. In this Agreement, the amount of $ 300,000.00 was promised by Defendant Kyung Kim. (A true and correct copy of the agreement is attached hereto as Exhibit "31")

121. On December 17, 2009, a second agreement was signed by Defendant Kyung Kim as a Board member of Stanton University and Defendant David Kwang Ho Kim as President of Stanton University to give Defendant Kyung Kim a 50% ownership of LA branch school of Stanton University and additional 50% ownership of Pyunggang Oriental Hospital of Stanton University inside LA branch school. (A true and correct copy of the agreements is attached hereto as Exhibit "32")

122. On November 10, 2009, Defendant Kyung Kim paid $ 50,000.00 to Defendant Jin Hee Hong, spouse of Defendant David Kwang Ho Kim, from the bank account of RICO enterprise of GMT school. (A true and correct copy of the check and bank statement is attached hereto as Exhibit "33")

123. On December 31, 2009, Defendant Kyung Kim paid $ 15,000.00 to Defendant Jin Hee Hong from the bank account of RICO enterprise of GMT school. (A true and correct copy of bank statement and check is attached hereto as Exhibit "34")

124. On January 12, 2010, Defendant Kyung Kim paid $ 45,000.00 to Defendant Jin Hee Hong from the bank account of RICO enterprise of GMT school. (A true and correct copy of bank statement and check is attached hereto as Exhibit "35")

125. On February 11, 2010, Defendant Kyung Kim paid $ 40,000.00 to Defendant Jin

26

Hee Hong from the bank account of RICO enterprise of GMT school. (A true and correct copy of bank statement and check is attached hereto as Exhibit "36")

126.     Defendants David Kwang Ho Kim and Jin Hee Hong received over $ 300,000 through RICO enterprise of GMT School to set up branch schools of Defendant Stanton University in the state of Pennsylvania, Virginia and Georgia.

127.     The checks were made payable to Defendant Jin Hee Hong, Defendant David Kim's spouse, to steal the fund from Stanton. Upon information and belief, in a similar pattern and scheme as a husband-wife team, Defendants David Kim and Jin Hee Hong stole the school fund of Stanton University as Paul Kim defendants and Kyung Kim defendants did steal from the RICO enterprises of GMT School and Henderson Christian University.

128.     In January or about 2010, Defendant David Kwang Ho Kim visited the GMT School several times to set up the branch of Stanton and to give seminars at 1001 W. Cheltenham Avenue, Elkins Park, Pennsylvania regarding the Stanton acupuncture school.

129.     In connection with signing the contract and receiving the fund for Stanton University/Westminster University scheme, it is believed and averred that the Kyung Kim Defendants, Paul Kim Defendants and Kwang Ho Kim Defendants used the mails or wires of the United States to apply for applications, permits, licenses, to transmit the agreements, and to give and received the funds from their home or business addresses in Pennsylvania, California, North Carolina and Virginia.

## J. World Evangelical Mission Scheme
### (The Third Scheme at 7535 Little River Tpke-Virginia)

130.     On or July 24, 2009, Defendant Kyung Kim set up RICO enterprise of WEM at the same address of 7535 Little River Tpke, Annandale, Virginia 22002. Defendant Kyung Kim held out himself as president of WEM. (A true and correct copy of the filing notice and

27

application is attached hereto as Exhibit "37" hereto) Upon information and belief, this is the RICO enterprise which Paul Kim Defendants sold for profit of $ 195,000.00.

131.        Upon information and belief, Defendant Kyung Kim used the mails or wires of the United States to file the application with the State of Virginia for World Evangelical Mission.

132.        In total, there were three RICO enterprises set up at the address of 7535 Little River Tpke, Annandale, Virginia 22003; 1) Henderson Christian University ("HCU"), 2) Westminster University as a branch of Stanton, and 3) WEM. In connection with these three RICO enterprises, it is believed and averred that the Kyung Kim Defendants, Paul Kim Defendants and Kwang Ho Kim Defendants used the mails or wires of the United States to file the tax identification number with IRS, to submit documents with the State of Virginia, to apply for zoning permits, to transmit the agreements, and to send and receive funds from their home or business addresses in Pennsylvania, California, North Carolina and Virginia.

### K. Henderson Christian University/Paul Kim/ Belk Scheme

133.        In or about 2001, right after Paul Kim Defendants were investigated by authorities regarding PTS in Pennsylvania, Paul Kim Defendants and Belk Defendants set up Henderson Christian University ("HCU") at 286-288 Eighth Avenue, Cramerton, North Carolina 28032. Upon information and belief, this HCU school in North Carolina is the center of RICO enterprises controlling all racketeering activities, making false documents, awarding issuing false pastor licenses and fake theology degrees for money to students enrolled in schools such as the GMT school, corresponding schools overseas, and issuing immigration I-20 forms to foreign students, other schools under General Assembly, and Henderson Christian Seminary ("HCS") in New York located at 40-36/38 78th Street, Elmhurst, New York 11373.

134.        Upon information and belief, HCS in New York is a front school for Henderson

28

Christian University. HCS in New York and HCU in North Carolina announced that they had joint academic programs. The website of HCS is directly forwarded to HCU to promote its academic programs.

135.     On their website, Defendants HCS and HCU, made the following representations:

- *About Us: The HCU in North Carolina*
- *Who We are: 1. We have a professional licenses and certifications…2. The HCU is non-profit institution incorporated under the law of North Carolina as an educational institution and is authorized under federal law to enroll non-immigrant alien students.*
- *Where we are: 286 Eighth Avenue, Cramerton, NC 28031 Tel. (704) 823-7743 Fax. (704) 823-7749 (Korean Dept.) email: henderuniv@aol.com President: Dr. Henderson Belk (Ph.D.)*
- *Henderson Christian Seminary is joined the academic and program with Henderson Christian University in North Carolina. www.hendersonny.org: info@hendersonny.org*
- *Academic Program:*
  *Bachelor Degrees: 4 Years – Course (128 Semester Hours)*
  *Master Degrees: 3 Years – Course (64 Semester Hours)*
  *Doctor Degrees: 2 Years – Course (48 Hours and Papers)*
  *Th.D. and Ph.D.: 5 Semesters - Course(60 Semester Hours)*

(*See* the copy of the website attached hereto as Exhibit "38")

136.     On July 16, 2009, Kathleen Chung paid $ 19,999.99 to HCU. Kathleen Chung made additional payments of $ 10,000.00 on July 23, 2009, $ 5,000.00 on August 4, 2009, and $ 11,350.00 on February 19, 2010 as a downpayment to purchase the real property and the school business of Henderson Christian University at 286 Eighth Avenue, Cramerton, NC 28236. The purchase price was $ 1 million dollars. (*See* the copies of the checks attached hereto as Exhibit "39")

137.     In or about February 2010, continuing the similar pattern like the 1080 Sparrow/ KEU Corp. scheme, based on her prior contributions to the GMT School/Jabez and armed with the knowledge that Plaintiff Jhang had excellent credit, a high net worth, and was able to raise

substantial funds, Paul Kim Defendants and Kyung Kim Defendants invented another scheme to solicit investments from Plaintiff Jhang. Defendants approached Plaintiff Jhang again to buy the HCU school business and property at 286 Eighth Avenue (consisting of 3 tracts) in the township of South Point, North Carolina 28236. On February 19, 2010, Defendant Kyung Kim issued a check of $ 50,000.00 (check number 1082) from the GMT School to Defendant Paul Kim and Henderson Christian University as a downpayment to purchase the real property and the school business of HCU. This check was bounced due to insufficient fund. On the same date of February 19, 2010, Plaintiff Kathleen Chung deposited $ 11,350.00 (check number 8171) into the GMT School to stop the bounced check. (A true and correct copy of the check, bank statement, and agreement is attached hereto as Exhibit "40")

138.     Defendant Handerson Belk, serving as the first President of Henderson Christian University, helped Paul Kim Defendants, Kyung Kim Defendants, General Assembly Defendants and PPKPC Defendants participated in the conduct, affairs or operation of this HCU through a pattern of racketeering activity involving the drafting and filing of fraudulent articles of incorporation and correction, a fraudulent sales agreement to sell HCU, a false application for a tax identification number, the awarding false degrees and pastor licenses, the issuing federal immigration I-20 form to foreign students for profit, the forging Plaintiffs' signatures in Harvest Mission, creation of fake entities in the state of Virginia, Georgia, and New York such as Stanton University Atlanta, Inc., Westminster University, WEM, and HCS, embezzlement of funds from the enterprise, including but not limited to non-profit entities such as PTS, the GMT School, HCU, Jabez, KEU Corp. and Stanton, money laundering, as well as the repeated false representations made to Plaintiffs.

139.     Defendant Thomas Belk, son of Handerson Belk while serving as the second

30

President of RICO enterprise of Henderson Christian University helped Paul Kim Defendants, Kyung Kim Defendants, General Assembly Defendants and PPKPC Defendants participated in the conduct, affairs or operation of this HCU through a pattern of racketeering activity involving the drafting and filing of fraudulent articles of incorporation and correction, a fraudulent sales agreement to sell HCU, a false application for a tax identification number, the awarding false degrees and pastor licenses, the issuing federal immigration I-20 form to foreign students for profit, the forging Plaintiffs' signatures in Harvest Mission, creation of fake  entities in the state of Virginia, Georgia, and New York such as Stanton University Atlanta, Inc., Westminster University, WEM, and HCS, embezzlement of funds from the enterprise, including but not limited to non-profit entities such as PTS, the GMT School, HCU, Jabez, KEU Corp. and Stanton, money laundering, as well as the repeated false representations made to Plaintiffs. (A true and correct copy of the President's welcome letter is attached hereto as Exhibit "41")

140.    On November 18, 2011, Defendant Paul Kim issued a letter regarding the status of Henderson Christian University. It is believed that averred Defendant Paul Kim tried to answer questions regarding the actual existence and the illegal and fraudulent activities of HCU. Defendant Paul Kim held out himself as Chairman and Administrator at HCU. (A true and correct copy of the Defendant Paul Kim's letter is attached hereto as Exhibit "42")

141.    Defendant Jong Jin Pi is a front person for Defendant Paul Kim as Vice-President of Henderson Christian University. While serving as Vice-President, Defendant Jong Jin Pi helped Paul Kim Defendants, Kyung Kim Defendants, General Assembly Defendants and PPKPC Defendants participate in the conduct, affairs or operation of this HCU through a pattern of racketeering activity involving the drafting and filing of fraudulent articles of incorporation and correction, a fraudulent sales agreement to sell HCU, a false application for a

tax identification number, the awarding false degrees and pastor licenses, the issuing federal immigration I-20 form to foreign students for profit, the forging Plaintiffs' signatures in Harvest Mission, creation of fake entities in the state of Virginia, Georgia, and New York such as Stanton University Atlanta, Inc., Westminster University, WEM, and HCS, embezzlement of funds from the enterprise, including but not limited to non-profit entities such as PTS, the GMT School, HCU, Jabez, KEU Corp. and Stanton, money laundering, as well as the repeated false representations made to Plaintiffs.

142.     Upon information and belief, Paul Kim Defendants, Kyung Kim Defendants, Defendant Jong Ji Pi and Belk Defendants used the emails, mails, websites, or wires of the United States for Henderson Christian University schemes.

### L. GMT/Hee Jung Park/K & P Development Scheme

143.     In or about November, 2007, Defendants Kyung Kim and Hee Park invented a scheme to steal money from Plaintiffs. Defendants set up a company called K & P Development, Inc. ("K & P Development") at 1100 W. Cheltenham Avenue where K stands for the initial name of Defendant Kyung Kim and P is the initial name of Defendant Hee Park. Defendants asked Plaintiff Kathleen Chung to invest $ 10,000.00 in the company to start the business. On or about November 14, 2007, Defendants followed Plaintiff Kathleen Chung to the Wachovia Bank at 341 W. Cheltenham Avenue (Oak Lane Road), Elkins Park, PA 19027 and Plaintiff Kathleen Chung Paid $ 10,000.00 at the bank. (A true and correct copy of the check is attached hereto as Exhibit "43")

144.     On January 21, 2008, Defendant Kyung Kim and Hee Park conspired to steal $ 150,000.00 from Plaintiff Kathleen Chung. Defendant Hee Park purchased five hundred (500) shares of Allentown 153, Inc. for $ 150,000.00 from Kevin Y. Chung, Plaintiff Kathleen

Chung's husband. Plaintiff Kathleen Chung signed all documents to transfer the stocks as her husband's power of attorney. Defendant Hee Park and Defendant Kyung Kim promised to pay back $ 150,000.00 to Plaintiff when the business in Allentown was sold. In or about March, 2010, the business was sold and Defendants Kyung Kim and Hee Park kept the money without paying back. (A true and correct copy of the Agreement is attached hereto as Exhibit "44")

145. On or about January 9, 2009, Defendant Hee Jung Park and Defendant Kyung Kim prepared the corporate document of GMT School to file with Pennsylvania Department of State. The document named "The Minutes of a Special Meeting of the Shareholders of Global Mission Theological School" is a document for profit corporation while Defendant Kyung Kim registered the GMT School as a non-profit corporation. The Bylaws of GMT School was for a profit corporation. Defendant Hee and Defendant Kyung Kim prepared the confusing and conflicting corporate documents to defraud Plaintiffs. (A true and correct copy of the Minutes and bylaws are attached hereto as Exhibit "45")

146. In or about 2009, Defendants Hee Park and Kyung Kim issued $ 50,000.00 from the RICO enterprise of Jabez to Chi An Kim from the bank account of Jabez in Woori America Bank. At one time, the invoice was issued from K & P Cleaning, Inc. for K & P Development in the amount of $ 5,416.67. (A true and correct copy of the check and invoice is attached hereto as Exhibit "46")

147. On March 23, 2010, Defendant Kyung Kim and Defendant Hee Park devised a plan to steal the property at 5957 Leithgow Street, Philadelphia, PA from Kathleen. Defendants threatened and forced Kathleen Chung to give up ownership of the real property at 5957 Leithgow Street, Philadelphia, Pennsylvania and to sign the deed over to K & P Development, Inc. (A true and correct copy of the deed is attached hereto as Exhibit "47")

33

148. On August 13, 2010, Defendant Hee Park, in conspiracy with Defendants Kyung Kim, prepared a mortgage note of $ 40,000.00 against the property at 527 Penny Lane, Unit C53, Philadelphia, PA 19111 and forced Plaintiff Kathleen Chung to sign the note. On September 23, 2010, Defendants Hee Park and Kyung Kim forced Kathleen Chung and Eugene Chung, Plaintiff Kathleen Chung's son, to sign the mortgage note when he was on the way to the Philadelphia airport to go back to Korea. In or about October, 2010, Defendant Hee Park conspired with Defendant Kyung Kim and forced Plaintiff Kathleen Chung to sign the Amendment to the mortgage note. (A true and correct copy of the documents is attached hereto as Exhibit "48")

149. On September 11, 2011, Defendants Hee Park and Kyung Kim, made first version of false tax returns of GMT School with IRS Form 990. Dean Kim signed the tax return. (A true and correct copy of the first Version is attached hereto as Exhibit "49")

150. On December 16, 2011, Defendants Hee Park, in conspiracy with Defendants Kyung Kim, Chang Soon Kim, Paul Kim and other Defendants, prepared a false tax returns of GMT School with IRS Form 990-PF. This is the second version of tax returns of GMT School. (A true and correct copy of the second Version is attached hereto as Exhibit "50")

151. Defendant Jane Doe-1, spouse of Defendant Hee Park, has been helping and working with Defendant Hee Park to make false mortgage documents and fake tax returns to perpetrate the racketeering activities.

152. Upon information and belief, Hee Park Defendants and Kyung Kim Defendants used the mails or wires of the United States to record the mortgage documents and deed, to file registration with PA Department of State, and to file tax returns of the GMT School with the Internal Revenue Service.

**M. GMT/ General Assembly/PPKPC Scheme**

153.	Defendant General Assembly is an umbrella and front organization set up by Paul Kim Defendants. Defendants such as John Park, Youngkeun Han, Jong Jin Pi and Seungman Park are working together with Paul Kim Defendants to make profits from General Assembly. Upon information and belief, General Assembly Defendants have three (3) Districts, twenty one (21) Presbyteries, and eight (8) schools in multiple states and overseas.

154.	Defendant PPKPC is a front organization set up by Paul Kim Defendants and other General Assembly Defendants.  Defendants such as Kyung Soon Kim, Chang Soon Kim, Do Shick Joe, Kwang Yoon, Ji Tae Kim, and Peter Ko are working together with Paul Kim Defendants to make profits from PPKPC. Its purpose is to serve personal benefits of Paul Kim Defendants and other PPKPC Defendants since its inception to make money through non-profit schemes. Upon information and belief, Defendant Paul Kim has been its Chairman from the start of the organization. He controlled PPKPC even though he has been residing in North Carolina. The activities of General Assembly and PPKPC Defendants have been selling college degrees and pastor licenses for profit, setting up unlicensed and unregistered  schools, selling fake degrees and issuing immigration Form I-20's to foreign students for profit.

155.	In or about December, 2011, General Assembly Defendants and PPKPC Defendants fabricated a document called "Ownership of the GMT School." (A true and correct copy of the ownership claim is attached hereto as Exhibit "51") General Assembly and PPKPC Defendants never owned and exercised ownership of the GMT School. In fact, they have never registered their names as owner of the GMT School with PA Department of State or with any other authorities.

156.	In or about December, 2011, General Assembly Defendants and PPKPC Defendants fabricated a document called "Nominee of Global Mission Theological School"

(Nominee Document") for Dean Kim dated January 3, 2009. Dean Kim belonged to a different Presbytery which made him impossible to be nominated by Defendant PPKPC. In fact, this Nominee Document was fabricated around December, 2011 after a case was filed in the Court of Common Pleas of Montgomery County ("Montgomery Court") with case number 2011-33371. (A true and correct copy of the Nominee of Dean Kim is attached hereto as Exhibit "52")

157.     The Nominee Document was issued from the state of North Carolina and was backdated to January 3, 2009 even though it was fabricated around December, 2011. Around January 9, 2009, there was no school at 1001 W. Cheltenham Avenue, Melrose Park, Pennsylvania. The lease started from June 1, 2009 which was signed by Defendant Kyung Kim. The GMT school was open only on July 30, 2010. (A true and correct copy of the lease is attached hereto as Exhibit "53")

158.     Defendants Do Shick Joe and Paul Kim conspired together and fabricated the Nominee documents of Dean Kim and Defendant Kyung Kim dated January 3, 2009.

159.     Defendant Do Shick Joe together with Paul Kim Defendants, Kyung Kim Defendants, General Assembly Defendants and PPKPC Defendants stole more than $ 300,000.00 from the GMT School from January, 2012 while acting as new dean.

160.     On February 15, 2012, Defendant Paul Kim testified under oath and lied in the Montgomery Court regarding the Nominee Document as follows:

Page 119

> *Q: ... how did you let Dean Kim know that he ...to be the dean of the new school?*
> *A: I informed him or told him many, many times, even beforehand.*
> *Q: What do you mean many, many times? ... ....*
> *A: I talked to him over the phone. I talked to him in person. ...*

This is a clear lie by Paul Kim. Dean never talked to Paul Kim and never met him in person.

Page 119

36

> *Q: Did you send him a copy of this? Did you send it to him?*
> *A: No I did not send it to him ... we send it to school.*

Page 121

> *Q: I want to know, did this documents get sent directly to Dean Kim?*
> *A: All the documents – related to Global Mission Theological School were sent to*
> *1001 West Cheltenham Avenue.*

This is a clear lie by Paul Kim. Around January 9, 2009, there was no school at 1001 W. Cheltenham Avenue. (A true and correct copy of the transcript is attached hereto as Exhibit "54")

161.    In a similar pattern of making and using the fake Nominee Document of Dean Kim, Paul Kim Defendants, Kyung Kim Defendants, General Assembly Defendants and PPKPC Defendants made and used a fake document named "Appointment of the Chairman of the Board at the Global Mission Theological School." This document has the same date of Dean Kim's appointment dated January 3, 2009. (A true and correct copy of the Appointment of Chairman is attached hereto as Exhibit "55")

162.    In a similar pattern of making and using fake nominee documents in or about December, 2011, Wilenzik Defendants, General Assembly Defendants and PPKPC Defendants fabricated documents called "Personal View" of Dean Kim and used in judicial proceedings by submitting them to the Montgomery Court. Dean Kim did not make any documents related to "Personal View" either in English or in Korean. (A true and correct copy of the "Personal View" is attached hereto as Exhibit "56")

163.    Defendant Kyung Kim brought the first version of "Personal View" and forced Plaintiff Dean Kim to sign at GMTS school located at 1001 W. Cheltentam Avenue, Melrose Park, PA. The document Dean Kim signed was written in Korean language.

164.     Upon information and belief, Defendant Wilenzik and other Defendants were not satisfied with the first version and made the second version. Defendant Kyung Kim brought the second version to Dean Kim and asked him to sign. Dean Kim refused to sign the second version of "Personal View".

165.     Defendant Wilenzik, Geneneral Assembly Defendants and PPKPC Defendants submitted unsigned version and fabricated versions to the Montgomery Court. Upon information and belief, they photocopied Dean Kim's signatures in the first version and put Dean Kim's signatures on these fabricated documents.

166.     In or about January, 2012, PPKPC Defendants announced that it would have a special meeting on January 18, 2012. However, this meeting was a fake meeting to get rid of Dean Kim from the GMT school. The meeting of January 18, 2012 was an attempt to disobey the Agreed Interim Court Order decreed on December 28, 2011 and to remove Dean Kim from the GMT School. Defendants Peter Ko, Kwang Yoon, Do Shick Joe and Ji Tae Kim attended this fake meeting to further the illegal purpose of PPKPC. They are all front people for Paul Kim Defendants and Kyung Kim Defendants. Upon information and belief, there were no annual meetings held by PPKPC before 2012. (A true and correct copy of the minutes of the meeting is attached hereto as Exhibit "57")

167.     On March 26, 2013, Defendant Chang Soon Kim, on behalf of Trinity Education Net ("TEN"), signed the educational services agreement with the Evangelical Theological School ("ETS") to do business at the same address of the GMT School. Defendant Sook Hee Kim also signed the agreement. Upon information and belief, TEN is another RICO enterprise set up by Defendant Chang Soon Kim, Kyung Kim Defendants, Paul Kim Defendants, General Assembly Defendants and PPKPC Defendants. Defendant Chang Soon Kim is a member of

38

General Assembly and PPKPC and held out himself as officer of PPKPC. Sometimes, Defendants Chang Soon Kim held out himself as President of the GMT School.

168.     Upon information and belief, Kyung Kim Defendants, General Assembly Defendants and PPKPC Defendants have stolen more than $ 300,000.00 from the GMT School by lying the number of students enrolled and by reporting smaller tuitions paid from December, 2011 to present.

169.     Upon information and belief, Defendant Jong Jin Pi was awarded a fake degree or license by Defendant Paul Kim from Henderson Christian University and had been helping Defendant Paul Kim recruit foreign students from S. Korea. It is believed and averred that Defendant Paul Kim sold the degree for profit to Defendant Jong Jin Pi. Defendant Jong Jin Pi held out himself as Vice-President of Henderson Christian University to further the illegal purpose of HCU.

170.     Upon information and belief, Defendant John Park have been running Beijing Theological School and have been sending students from Korea and China to schools which Paul Kim Defendants were controlling and maintaining, including but not limited to Henderson Christian University. Paul Kim Defendants have issued the immigration Form I-20's to John Park's students who wish to come to USA to study and get degrees. During this process, upon information and belief, Defendant John Park received thirty percent (30%) of the tuitions which Paul Kim Defendants charged.

171.     Upon information and belief, Defendants John Park and Paul Kim Defendants were in business of money laundering by hiding their profits in South Korea and China without reporting their income in USA.

172.     Upon information and belief, Defendant Seungman Park is a front person

running HCS in New York for Paul Kim Defendants of HCU. HCS in New York and HCU in North Carolina are working together to recruit students to make profits with joint academic programs. The website of HCS was directly forwarded to HCU to promote its academic programs.

173.      Defendnat Young Keun Han was serving as Chairman of General Assembly. Upon information and belief, he is running Los Angeles Theological School in California.

174.      Upon information and belief, General Assembly Defendants and PPKPC Defendants used the mails or wires of the United States to send and receive fabricated documents, to issue the immigration form I-20s, to receive tuitions, and to communicate with SEVIS of Department of Homeland Security.

**N. Eric Wilenzik's Scheme**

175.      Defendant Eric Wilenzik, while working as an attorney for RGSG Law Firm Defendant and PTL Law Firm Defendant, helped Defendant Kyung Kim, Paul Kim Defendants General Assembly Defendants and PPKPC Defendants make fraudulent documents and use them in judicial proceedings. In or about December, 2011, Wilenzik Defendants used a fake document called "Nominee of Global Mission Theological School" (Nominee Document") for Dean Kim dated January 3, 2009 as in Exhibit "52."

176.      In or about December, 2011, in a similar pattern of making and using the fake Nominee Document of Dean Kim, Wilenzik Defendants helped Defendant Kyung Kim, Paul Kim Defendants, General Assembly Defendants and PPKPC Defendants make and use a fake document in judicial proceedings named "Appointment of the Chairman of the Board at the Global Mission Theological School" as in Exhibit "55."

177.      In a similar pattern of making and using fake nominee documents, Wilenzik

Defendants in collaboration with Defendant Kyung Kim, Paul Kim Defendants, General

Assembly Defendants and PPKPC Defendants helped fabricate documents called "Personal

View" of Dean Kim and use them in judicial proceedings as in Exhibit "56."

178.     On February 3, 2012, Wilenzik Defendants used a false student list enrolled in

the GMT school. In collaboration with Defendant Kyung Kim, General Assembly Defendants

and PPKPC Defendants, Wilenzik Defendants provided a student list which had far smaller

students than actually registered with SEVIS of Department of Homeland Security. Upon

information and belief, there were about one hundred (100) registered students from December

28, 2011 to January 30, 2012. Wilenzik Defendants and other Defendants intentionally and

knowingly showed smaller number of enrolled students to steal tuition funds over $ 300,000.00

from the GMT School. (A true and correct copy of Wilenzik's student lists is attached hereto

as Exhibit "58")

179.     Wilenzik Defendants helped Defendant Kyung Kim, General Assembly

Defendants and PPKPC Defendants intentionally and knowingly violate the court orders issued

by the Montgomery Court. (A true and correct copy of the Court Orders are attached hereto as

Exhibit "59") For example, the ORDER in Count 5 says:

> "*The School **shall not** (emphasis underlined) **change or expand** its operation
> beyond the educational mission as it existed **before** the entry of this ORDER.*"

Count 5 of the court order has the strongest possible words such as "shall not",

"change or expand" and "before". (emphasis underlined) which specifically prohibited the

GMT School from changing or expanding its operation. In direct violation of the court order of

the Montgomery Court, Defendant Kyung Kim, General Assembly Defendants and PPKPC

Defendants, with help from Wilenzik Defendants, changed and expanded the school operation at

least in three instances; 1) Covenant University around January, 2011; 2) New York Academy

41

around May, 2013, and 3) Evangelical Theological School around May, 2013. For example,

Defendants set up another non-profit entity named TEN around March, 2013 to expand their

operation with Evangelical Theological School ("ETS"). Defendant Chang Soon Kim and Sook

Hee Kim signed a secret contract with ETS. There were series of full-page ads in the Korean

language and posted in the Korean community to promote this program. (A true and correct

copies of the contract and a news report is attached hereto as Exhibit "60")

180.     Defendant Wilenzik encouraged Defendant Kyung Kim, General Assembly

Defendants, and PPKPC Defendants to violate the court order and to steal more funds from the

GMT School. On January 18, 2012, Defendant Wilenzik boldly declared in his letter that

Defendant PPKPC was not subject to the Court Order as follows:

> "*The Philadelphia Presbytery is not subject to the Interim Order issued by Judge Moore…*"(id)

(A true and correct copy of the letter to is attached hereto as Exhibit "61")

181.     On July 19, 2013, Wilenzik Defendants lied in a document to the Montgomery

Court titled "Answer to Motion to Compel Compliance…" In this court document of "Answer",

Wilenzik Defendants blatantly lied multiple times as follows:

> "*In addition, no change occurred in the operations of Global Mission Theological School outside the parameters of the former January 31, 2012 Order of Judge Moore.*"

(A true and correct copy of the Response is attached hereto as Exhibit "62")

182.     Upon information and belief, Wilenzik Defendants used the mails or wires of the

United States to help make the fake documents, to distribute those fake documents, and to submit

and use them in judicial proceedings.

**O. Defendants' Schemes Are First Discovered.**

183.     On February 15, 2012, at the hearing of the Montgomery Court, Wilenzik

42

Defendants, Paul Kim Defendants and Kyung Kim Defendants submitted an organizational chart of General Assembly, PPKPC and the schools.

184.     At all times prior to February 15, 2012, Plaintiffs had made investments of over Two Million and One Hundred Thousand Dollars ($ 2,100,000.00) to the Paul Kim defendants, Kyung Kim defendants, the GMT School, Jabez, Stanton, HCU, Westminster University, K & P Development and WAIG believing in good faith, based on Defendants' false representations, that Plaintiffs were making a safe investment in religious and educational organizations.

185.     At all times prior to February 15, 2012, based on Defendants' false representations, Plaintiffs expected that their investments in the GMT School, Jabez, Stanton, Georgia Stanton, HCU, Westminster University, K & P Development, and WAIG would result in their owning real estate and/or an interest in schools that would fund their retirement.

186.     At all times prior to February 15, 2012, based on Defendants' false representations, Plaintiffs believed in good faith that they were making investments that were sound and that also furthered the interest of religious and educational organizations affiliated with the Korean Presbyterian churches or would otherwise be part of sound business investments.

187.     Beginning in November, 2011, Plaintiffs became concerned about their investments, because it was at or about this time that it was revealed that the Kyung Kim Defendants were passing bad checks, misappropriating funds, not maintaining the books and records of GMT School, and were not collecting tuition or properly accounting to the Board of Directors of the GMT School of which Plaintiffs had purportedly been made members.

188.     Documents obtained from the GMT School demonstrate that Defendant Kyung Kim was misappropriating money from the GMT School without permission through various methods and operated the financial end of the business in a reckless manner.

189.    It was further discovered that Defendant Kyung Kim had issued multiple checks from closed accounts or those with insufficient funds, resulting in numerous returned checks. It was also discovered that Defendant Kyung Kim had made out checks to himself from the GMT School accounts.

190.    Despite the fact that Plaintiffs complained to Kyung Kim about his mismanagement and embezzlement, Defendant Kyung Kim refused to abandon his position at the GMT School and continued to willfully and recklessly engage in financial mismanagement and passing of bad checks from the GMT School accounts.

191.    On November 29, 2011, Defendant Kyung Kim came to the GMT School property and changed the locks in an effort to deny Plaintiffs' access to the school premises and to prevent them from discovering the truth about the GMT School finances, his financial mismanagement of same, and the location of their substantial investments in his and Defendant Paul Kim's various business entities.

192.    At all times on and after January, 2007, when Plaintiffs began making investments in the GMT School, Jabez, Stanton, Georgia Stanton, HCU, K & P Development, Westminster University, and WAIG, the Kyung Kim Defendants, the Paul Kim Defendants, Belk Defendants, Kwang Ho Kim Defendants, and Hee Park Defendants had agreed amongst themselves that they would incorporate the GMT School, Jabez, Harvest Mission, Stanton, Georgia Stanton, HCU, K & P Development, Westminster University, and WAIG for the purpose of using those entities to fraudulently induce unsuspecting third-parties, like Plaintiffs, to make investments. Once Defendants received funds from their victims including Plaintiffs, Defendants converted the funds to their personal use and for the purpose of carrying out their unlawful scheme.

44

193.    At all times from and around January, 2007, when Plaintiffs began making investments in the GMT School, Jabez, Stanton, Georgia Stanton, HCU, K & P Development, Westminster University, and WAIG, the Kyung Kim Defendants, the Paul Kim Defendants, Belk Defendants, Kwang Ho Kim Defendants, and Hee Park Defendants had agreed amongst themselves and others that they would use these entities -- that is the GMT School, Jabez, Harvest Mission, Stanton, Georgia Stanton, HCU, K & P Development, Westminster University, and WAIG (and possibly others) -- for the unlawful purpose of defrauding unsuspecting third-parties, like Plaintiffs, out of their life savings.

194.    At all times on and before November, 2011 when Plaintiffs first learned of the Defendants' mismanagement and theft, Plaintiffs held the good faith belief, based on Defendants' false representations, that their investments in the GMT School, Jabez, HCU, K & P Development, Westminster University, Stanton, and WAIG would pay dividends and would help fund their retirement.

195.    Despite Plaintiffs' numerous demands for an accounting of their investments, Defendants have refused to provide the requested accounting or give the whereabouts or status of their investments.

196.    At no time had any Defendants paid Plaintiffs any of the monies that they had invested in the Defendant entities including the GMT School, Jabez, Harvest Mission, Stanton, Georgia Stanton, HCU, K & P Development, Westminster University and WAIG.

197.    Upon information and belief, the Kyung Kim Defendants, Paul Kim Defendants, Belk Defendants, Kwang Ho Kim Defendants, and Hee Park Defendants have pilfered the substantial funds paid to them by Plaintiffs and have unlawfully converted Plaintiffs' funds for

their personal use, for unlawful purposes, and/or have diverted said funds Defendants themselves and/or to one or more of the Defendants' business entities described herein.

198.   Upon information and belief, a substantial portion of the proceeds of Defendants' fraud have been unlawfully converted, deposited and/or currently reside in the possession of one or more of the following entities that engage in interstate commerce: the GMT School, Jabez, Harvest Mission, Stanton, Georgia Stanton, HCU, K & P Development, Westminster University and/or WAIG.

199.   As a direct and proximate result of all Defendants' illegal, wrongful and deceptive acts and omissions as described more fully herein, Plaintiffs have tendered countless payments to the Kyung Kim Defendants, the Paul Kim Defendants, Belk Defendants, Kwang Ho Kim Defendants, Hee Park Defendants and their enterprises described herein, causing Plaintiffs to sustain losses well in excess of two million and one hundred thousand dollars ( $ 2,100,000.00).

200.   Each of the Defendants knowing that non-profit entities in future businesses would subject all Defendants to regulations and income taxes, thereafter conspired, concocted and intentionally and knowingly participated in a scheme to defraud persons or entities involved in schools, non-profit entities, Presbytery and General Assembly as well as the general public and others by having multiple non-profit entities without legal and proper registration with state and federal government.

201.   Defendants are "the enterprises" for Plaintiffs' claims brought pursuant to 18 U.S.C.§ 1962, *inter alia*, ("Civil RICO Claims").

202.   Defendants collectively engaged in a pattern of behavior to induce Plaintiffs to invest in the fraudulently and confusingly mixed non-profit and profit entities.

203.     That pattern included false assurances regarding the success of the entities and Defendants' intention to perform.

204.     Those representations were false as Defendants knew there were a variety of issues that would have prevented all investments from going forward, including but not limited to proper registration and approvals of schools from each state.

205.     As a result of Defendants' scheme to defraud Plaintiffs and investors and induce them to fund Defendants' multiple fake businesses and non-profit schools in multiple states, Plaintiffs suffered monetary damages, including but not limited to: (i) their original $ 2,100,000 investment; (ii) out-of-pocket expenses to be proven at trial for items including but not limited to teachers' salaries; filing fees; credit card charges; airplane tickets; operation costs of the schools; the rental of the premises; credit card payments (iii) mortgage interests, bank interests, penalties, and credit ratings; (iv) lost profits to be proven at trial; and (v) attorney fees.

206.     As a direct and proximate result of the foregoing, Plaintiffs have suffered the loss of valuable business opportunities, earnings and income in amounts to be proven at trial.

207.     As a direct and proximate result of the foregoing, Plaintiffs have suffered serious and lasting harm to their business goodwill and professional reputation.

208.     Defendants acted herein knowingly, intentionally, deliberately and/or maliciously thereby proximately and directly causing the injuries and damages complained of herein.

## COUNT I
## (RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO))

### CLAIM 1
### 18 .S.C. § 1962(c)

209.     The preceding paragraphs are incorporated herein.

210.     General Legal Principles Under § 1962(c). As the Court has acknowledged, to

state cause of action under Section 1962(c) of RICO, a Plaintiff must prove: (1) The existence of an enterprise affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and (4) that he or she participated through a pattern of racketeering activity that must include the allegation of at least two racketeering acts. *Stewart v. Associates Consumer Discount Co.*, 1 F.Supp.2d 469, 474 (E.D. Pa. 1998)(citing *Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 497-498 (1985); *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1165 (3rd Cir. 1989)).

211.     Paul Kim Defendants, Belk Defendants, Kyung Kim Defendants, Kwang Ho Kim Defendants, Hee Park Defendants, Sun Il Lee, General Assembly Defendants, Jong Jin Pi, Stanton, HCU, WAIG, GMT School, Jabez, WEM, TD Bank, and PPKPC Defendants associated together for the common purpose of creating businesses that would appear legitimate to unwitting investors like Plaintiffs but, in reality, said enterprises were nothing more than fronts and vehicles used by Defendants to unlawfully extract monies from innocent third parties like Plaintiffs.

212.     The enterprise created by Defendants consisted of PTS, GMT School, Jabez, Harvest Mission, Stanton, Stanton University Atlanta, Inc., HCU, HCS, Henderson Church, Westminster University, WEM, Beijing Theological School, KEU Corp., General Assembly, PPKPC, K & P Development, Inc. and WAIG, (and possibly others) which had an effect upon interstate and foreign commerce.

213.     Defendants were aware of the general existence of the enterprise and knew that it extended beyond each of their individual roles in the enterprise.

214.     Defendants, specifically described in paragraph # 211 and Wilenzik Defendants

functioned as a continuing unit for the reasons set forth more fully herein.

215.     Defendants were employed by or associated with the enterprise described herein.

216.     Paul Kim Defendants, Belk Defendants, Kyung Kim Defendants, Kwang Ho Kim Defendants, Hee Park Defendants, Defendant Sun Il Lee, General Assembly Defendants, Jong Jin Pi, Stanton, HCU, K & P Development, Inc., WAIG, GMT School, Jabez, WEM, TD Bank, and PPKPC Defendants participated in the conduct, affairs or operation of this enterprise through a pattern of racketeering activity involving the drafting and filing of fraudulent articles of incorporation and correction, a fraudulent loan application, a false application for a tax identification number, the issuing federal immigration I-20 form to foreign students for profit, the forging Plaintiffs' signatures in Harvest Mission, creation of fake entities in the state of Virginia, Georgia, and New York such as Stanton University Atlanta, Inc., Westminster University, WEM, and HCS, embezzlement of funds from the enterprise, including but not limited to non-profit entities such as PTS, the GMT School, HCU, Jabez, KEU Corp. and Stanton, money laundering, as well as the repeated false representations made to Plaintiffs, all of which utilized the U.S. mails and wires of the United States, thereby constituting mail fraud, wire fraud, and bank fraud under 18 U.S.C. §§ 1341 - 1344.

217.     Specifically, Kyung Kim Defendants and/or Paul Kim Defendants transmitted fraudulent articles of incorporation and correction to the Secretary of State of North Carolina, Georgia and Pennsylvania, made false statements to a bank to obtain a loan to purchase the Georgia Stanton, and lied on an application for a tax identification number submitted to the IRS. Upon information and belief, this fraud occurred in the Eastern District of Pennsylvania, in the State of North Carolina, in the State of Georgia and in the State of Virginia.

218.     Specifically, Paul Kim Defendants, Kyung Kim Defendants, Belk Defendants and

49

Defendant Sun Il Lee transmitted fraudulent articles of incorporation to Secretary of Commonwealth of Pennsylvania, to State of North Carolina, made false statements to students registered in PTS programs to award college degrees, made false statements regarding General Assembly, and continued illegal operation of schools without proper license and registration from Department of Education in Pennsylvania, Virginia and North Carolina.

219.    Specifically, Kyung Kim Defendants and Hee Park Defendants transmitted confusing and conflicting articles of incorporation for GMT School to the Secretary of Commonwealth of Pennsylvania, stole $ 150,000 from the sale 500 shares from Plaintiffs by using K & P Development, Inc., stole the property at 5957 Leithgow Street, made fraudulent mortgage documents of $ 40,000.00 against the property at 527 Penny Lane, made false representations regarding investment in WAIG, made fabricated documents and false statements to a bank to obtain a loan for KEU Corp. from the TD Bank, made/filed fraudulent tax returns of GMT School with Internal Revenue Service, recorded fraudulent mortgage documents and deed, and set up K & P Development, Inc. to defraud Plaintiffs.

220.    Paul Kim Defendants and Belk Defendants transmitted fraudulent articles of incorporation for PTS and HCU, awarded and sold false college degrees to foreign students, made false representations about those schools, issued the immigration I-20 forms to make profits illegally, set up HCU in the state of North Carolina and Virginia, and maintained and controlled front schools such as GMT School in Pennsylvania and HCS in New York.

221.    Kyung Kim Defendants and Kwang Ho Kim Defendants entered into fraudulent contracts to defraud Plaintiffs in Virginia, entered into a separate contract in California to defraud Plaintiffs, set up front entities such as Westminster University as a branch of Stanton University in the State of Virginia, set up Georgia Stanton as a branch of Stanton in the State of

Georgia, set up a branch school of Stanton in Pennsylvania and New Jersey, gave and received money numerous time in excess of $ 300,000.00 from the RICO enterprise of the GMT School, and stole the school fund from Stanton and GMT School.

222.     John Park, General Assembly and PPKPC Defendants falsely claimed ownership of the GMT School, fraudulently intervened the legal proceeding in the Montgomery Court, made fake Nominee Document of Dean Kim, made fake Nominee Document of Kyung Kim, made fake document of Dean Kim's Personal View, violated the court order of the Montgomery Court, sold college degrees to foreign students for profit, issued federal immigration I-20 forms for profit illegally, and concealed money laundering activities without reporting income overseas.

223.     Defendant Chang Soon Kim, Kyung Kim Defendants, Paul Kim Defendants, General Assembly Defendants, and PPKPC Defendants set up an entity called TEN to do business at the GMT School.

224.     Hee Park Defendants, Kyung Kim Defendants and TD Bank fabricated loan documents to defraud Plaintiffs, extracted funds from the bank, received and distributed funds among themselves, stole the funds from Plaintiffs by controlling the bank accounts exclusively, and made fraudulent closing documents such as KEU Corp.

225.     In or about November, 2011, Wilenzik Defendants received $ 7,500.00, the stolen money from the bank account of the GMT School, from Defendant Kyung Kim for Defendant Kyung Kim's personal matter, which turned out to be the insurance fraud charged by the Commonwealth of Pennsylvania. This check was bounced due to insufficient fund. Upon information and belief, Wilenzik Defendants received over $ 100,000.00 which was stolen from the GMT School from Kyung Kim Defendants.

226.     In or about December, 2011, Wilenzik Defendants helped Paul Kim Defendants,

Kyung Kim Defendants, General Assembly Defendants and PPKPC Defendants falsely claim ownership of the GMT School, fraudulently intervene and lie in the judicial proceedings in the Montgomery Court, make fake Nominee Document of Dean Kim, make fake Nominee Document of Kyung Kim, and violate two court orders of the Montgomery Court.

227.    In or about December, 2011, Wilenzik Defendants helped Paul Kim Defendants, Kyung Kim Defendants, General Assembly Defendants and PPKPC Defendants make fake document of Dean Kim's Personal View by forging or photocopying signatures of Dean Kim and used in judicial proceedings in the Montgomery Court.

228.    On February 3, 2012, Wilenzik Defendants in collaboration with Kyung Kim Defendants, Paul Kim Defendants, General Assembly Defendants and PPKPC Defendants provided false student numbers enrolled in the GMT school to Plaintiffs.

229.    From December, 2011 to present time, Wilenzik Defendants helped Kyung Kim Defendants, Paul Kim Defendants, General Assembly Defendants and PPKPC Defendants steal more than $ 300,000.00 by knowingly and intentionally showing smaller number of students enrolled in the GMT school.

230.    From or about December, 2011, Wilenzik Defendants helped Paul Kim Defendants, Kyung Kim Defendants, General Assembly Defendants and PPKPC Defendants violate two court orders of the Montgomery Court. On January 18, 2012, Defendant Wilenzik specifically instructed the above Defendants in his letter not to obey the court order issued by the Montgomery Court. On July 19, 2013, Wilenzik Defendants lied by asserting that "*In addition, no change occurred in the operations of Global Mission Theological School outside the parameters of the former January 31, 2012 Order of Judge Moore.*"

231.    Defendants knowingly participated in and furthered this scheme by their acts of

mail fraud, wire fraud, and bank fraud. Indeed, Wilenzik Defendants, Paul Kim Defendants, Belk Defendants, Kyung Kim Defendants, Kwang Ho Kim Defendants, Hee Park Defendants, Defendant Sun Il Lee, Jong Jin Pi, General Assembly Defendants, Stanton, HCU, WAIG, GMT School, Jabez, WEM, TD Bank, and PPKPC Defendants, having devised a scheme or artifice to defraud, or for obtaining money or other property by means of false or fraudulent pretenses or representations, and for the purpose of executing such scheme or artifice or attempting to do so, placed in a post office or other authorized depository for mail, letters, packages or other items to be sent or delivered by U.S. Postal Service, or by private commercial interstate carrier, including but not limited to the fraudulent articles of incorporation and correction described herein, the fraudulent loan applications, fake documents in judicial proceedings, fake tax returns, and the fraudulent application for a tax identification number. Defendants also engaged in mail and wire correspondence with each other involving each of the predicate acts, and as a part of a scheme to defraud Plaintiffs.

232.     The transmittal of the fraudulent articles of incorporation and correction, the loan applications, fake documents in judicial proceedings, false tax returns, and the application for a tax identification number are sufficiently related to constitute a pattern, and pose a threat of continued criminal activity. These acts are also interrelated by distinguishing characteristics, and are not isolated events.

233.     The transmittal of fraudulent articles of incorporation and correction, the loan applications, fake documents in judicial proceedings, false tax returns, and the application for a tax identification number occurred within ten (10) years of each other.

234.     The transmittal of these fraudulent statements had the same, or similar, purposes,

results, participants, victims, or methods of commission. The aforementioned acts are also part of a long-term association between Paul Kim Defendants, Belk Defendants, Kyung Kim Defendants, Kwang Ho Kim Defendants, Hee Park Defendants Defendant Sun Il Lee, Jong Jin Pi, General Assembly Defendants, Stanton, HCU, HCS, WAIG, GMT School, Jabez, WEM, and PPKPC Defendants that exist for criminal purposes; such conduct occurred for a period exceeding twelve (12) months.

235.    Alternatively, the above acts are a regular way of the Paul Kim Defendants, Belk Defendants, Kyung Kim Defendants, Kwang Ho Kim Defendants, Hee Park Defendants, Defendant Sun Il Lee, Jong Jin Pi, General Assembly Defendants, Stanton, HCU, HCS, WAIG, GMT School, Jabez, WEM, and PPKPC Defendants' illegitimate business practices.

236.    Defendants' conduct in willfully concocting fraudulent articles of incorporation and correction, the loan application, fake documents in judicial proceedings, false tax returns, and the application for a tax identification number also constitutes a conspiracy to commit mail fraud, wire fraud, and bank fraud, which is subsumed under the "scheme or artifice to defraud" language of the mail/wire/bank fraud statutes.

237.    Plaintiffs have suffered injuries including but not limited to the loss of the substantial investments they have made to the Defendants' enterprises.

238.    The injuries were proximately caused by the racketeering activity engaged in by the Defendants as described herein.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in the following respects: (a) compensatory damages in an amount to make them whole; (b) punitive damages; (c) treble damages pursuant to 18 U.S.C. § 1964(c); (d) pre- and post-judgment interest

thereon; (e) attorneys' fees, expenses and costs of suit; (f) any such other relief as the Court deems equitable and just.

## CLAIM 2
### U.S.C. § 1962(b)

239. The preceding paragraphs are incorporated herein.

240. General Legal Principles Under § 1962(b). 18 U.S.C. § 1962(b) makes it unlawful "for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

241. Through the above pattern of racketeering activity set forth at length hereinbefore, Paul Kim Defendants, Belk Defendants, Kyung Kim Defendants, Kwang Ho Kim Defendants, Hee Park Defendants, Defendant Sun Il Lee, Jong Jin Pi, General Assembly Defendants, Stanton, HCU, WAIG, GMT School, Jabez, WEM, K & P Development, and PPKPC Defendants acquired and/or maintained an interest in, or controlled the enterprise identified above, including but not limited to PTS, HCU, HCS, Stanton, Georgia Stanton, Westminster University, K & P Development, WAIG, GMT School, Jabez, KEU Corp., WEM, General Assembly, and PPKPC, which was engaged in interstate commerce that was connected to the pattern of racketeering activity.

242. As a result of Defendants' acquisition or control of the enterprise, Plaintiffs sustained injuries independent from the injury caused by the pattern of racketeering activity.

243. These injuries were proximately caused by the racketeering activity engaged in by Defendants in that the acts described caused Plaintiffs to invest in Defendants' fraudulent schemes.

55

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in the following respects: (a) compensatory damages in an amount to make them whole; (b) punitive damages; (c) treble damages pursuant to 18 U.S.C. § 1964(c); (d) pre- and post-judgment interest thereon; (e) attorneys' fees, expenses and costs of suit; (f) any such other relief as the Court deems equitable and just.

## CLAIM 3
### 18 U.S.C. § 1962(a)

244.    The preceding paragraphs are incorporated herein.

245.    18 U.S.C. § 1962(a) provides as follows: (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

246.    Paul Kim Defendants, Belk Defendants, Kyung Kim Defendants, Kwang Ho Kim Defendants, Hee Park Defendants, General Assembly Defendants, Stanton, HCU, WAIG, GMT School, Jabez, WEM, TD Bank and PPKPC Defendants derived income from the above pattern of racketeering activity set forth at length hereinbefore. These Defendants were paid substantial monies by Plaintiffs.

247.    Defendants invested income from the racketeering activities into the enterprise identified above, including but not limited to PTS, HCU, HCS, Stanton, Westminster University, WAIG, GMT School, Georgia Stanton, Jabez, K & P Development, KEU Corp., WEM, General Assembly, and PPKPC, and/or used such income to operate the enterprise.

248.    Plaintiffs have sustained injuries, including but not limited to the loss of the monies that were paid to Defendants.

249.    These injuries were proximately caused by the above racketeering activity in that the acts described caused Plaintiffs to invest substantial funds in the Defendants' business enterprises.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in the following respects: (a) compensatory damages in an amount to make them whole; (b) punitive damages; (c) treble damages pursuant to 18 U.S.C. § 1964(c); (d) pre- and post-judgment interest thereon; (e) attorneys' fees, expenses and costs of suit; (f) any such other relief as the Court deems equitable and just.

### CLAIM 4
### 18 U.S.C. § 1962(d)

250.    The preceding paragraphs are incorporated herein.

251.    Paul Kim Defendants, Belk Defendants, Kyung Kim Defendants, Kwang Ho Kim Defendants, Hee Park Defendants, Defendant Chul Hong Kang, Defendant Sun Il Lee, Defendant Jong Jin Pi, General Assembly Defendants, Stanton, HCU, WAIG, GMT School, Jabez, WEM, TD Bank, PPKPC Defendants and Wilenzik Defendants knowingly and willfully became members of the aforementioned conspiracy in that they agreed to participate, directly or indirectly, in the affairs of the enterprise to accomplish the objective of the enterprise – *i.e.*, to create businesses that appeared legitimate to unwitting investors for the purpose of extracting moneys from those unwitting investors, to draft and file fraudulent articles of incorporation and correction, to file false application for a tax identification number, to create and control enterprise to further the scheme, to forge Plaintiffs' signatures, to make fake loan documents to get bank loans, to make and use fake documents in judicial proceedings, to do immigration

business for profits, to engage in money laundering, to steal money from the enterprise set forth at length hereinbefore, and to make repeated false representations to Plaintiffs, all of which utilized the U.S. mails and wires of the United States, thereby constituting mail fraud, wire fraud, and bank fraud.

252. Defendants knew that their predicate acts were part of a pattern of racketeering activities and engaged in the commission of those acts to further the schemes described above. Specifically, Paul Kim Defendants, Belk Defendants, Kyung Kim Defendants, Kwang Ho Kim Defendants, Hee Park Defendants, Defendant Chul Hong Kang, Defendant Sun Il Lee, General Assembly Defendants, PPKPC Defendants, and Wilenzik Defendants engaged in scheme or artifice to defraud by setting up businesses that appeared legitimate to unwitting investors for the purpose of extracting moneys from those unwitting investors, by creating and controlling enterprise to further the scheme, by making fake documents to commit bank frauds, by making and using the fake documents in judicial proceedings, by conducting the immigration business to make profits, by engaging in money laundering, by stealing money from the enterprise, and by transmitting fraudulent articles of incorporation and correction, a fraudulent loan application, and a fraudulent application for a tax identification number.

253. In furtherance of said deception, Defendant Kyung Kim and Paul Kim made, or caused to be made, false or misleading statements regarding Plaintiff Jhang's familial relationship to Defendant Kyung Kim, her home address, her ownership and affiliation in their entities, and Defendant Kyung Kim's position with the GMT School.

254. Because the content of the articles of incorporation, articles of correction, loan application and tax identification application were false (and were known to be false), Defendant Kyung Kim and Paul Kim conspired and/or schemed to defraud Plaintiff by use of fraud.

255.     Specifically, Hee Park Defendants and Kyung Kim Defendants planned and worked together to transmit confusing and conflicting articles of incorporation for GMT School to the Secretary of Commonwealth of Pennsylvania, to steal $ 150,000 from the sale of 500 shares from Plaintiffs, to steal the property at 5957 Leithgow Street, to make a fraudulent mortgage note of $ 40,000.00 against the property at 527 Penny Lane, to make false representations regarding investment in WAIG, to make and file fraudulent tax returns of GMT School with Internal Revenue Service, to record fraudulent mortgage documents and deed, and to set up Jabez and K & P Development, Inc. to defraud Plaintiffs.

256.     Specifically, Hee Park Defendants, Kyung Kim Defendants and TD Bank conspired together to make fabricated documents and false statements to secure a bank loan for KEU Corp.

257.     Specifically, Kwang Ho Kim Defendants, Kyung Kim Defendants and Paul Kim Defendants planned and worked together to set up the fake Westminster University as a branch of Stanton in the state of Virginia on or about August 28, 2009, the Georgia Stanton in the State of Georgia, a branch of Stanton in Pennsylvania, signed the secret agreement regarding Stanton LA Branch on or about December 17, 2009, and stole about $ 300,000.00 from the RICO enterprise of the GMT School.

258.     Paul Kim Defendants and Belk Defendants conspired together to set up and run PTS and the GMT School in Pennsylvania, HCU in North Carolina and Virginia, HCS in New York, Westminster University in Virginia, to receive money from Plaintiffs and the GMT School, to sell fake degrees and pastor licenses, to issue false federal immigration form of I-20's to foreign students, to engage in money laundering regarding income in Korea and China, and to make false representations of schools to investors like Plaintiffs.

259. General Assembly Defendants, PPKPC Defendants, Paul Kim Defendants and Kyung Kim Defendants conspired together to falsely intervene the GMT School, to make fake Nominee Document of Dean Kim, to fabricate Nominee Document of Kyung Kim, to fabricate Personal View of Dean Kim, to obstruct justice by filing false documents and by disobeying two court orders of the Montgomery Court, to sell degrees to students, to sell false degrees to Jong Jin Pi, to sell pastor licenses, and to run schools for personal profits, including but not limited to Beijing Theological Schools, PTS, GMT School, HCU and HCS in New York.

260. Specifically, Wilenzik Defendants conspired together with General Assembly Defendants, PPKPC Defendants, Paul Kim Defendants and Kyung Kim Defendants and helped these Defendants falsely intervene the GMT School, make fake Nominee Document of Dean Kim, fabricate Nominee Document of Kyung Kim, fabricate Personal View of Dean Kim, obstruct justice by filing false documents and by disobeying two court orders of the Montgomery Court, use the school fund as a legal fee from the GMT School, and steal the tuitions of the GMT School from December, 2011 to present.

261. Plaintiffs have suffered injuries as described herein.

262. These injuries were proximately caused by the racketeering activity engaged in by Defendants.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in the following respects: (a) compensatory damages in an amount to make her whole; (b) punitive damages; (c) treble damages pursuant to 18 U.S.C. § 1964(c); (d) pre- and post-judgment interest thereon; (e) attorneys' fees, expenses and costs of suit; (f) any such other relief as the Court deems equitable and just.

## COUNT II
## (VIOLATION OF PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW PURSUANT TO 73 P.S. § 201-2(4)(i)-(xx))

263. The preceding paragraphs are incorporated herein.

264. As set forth more fully above, Plaintiffs sustained an ascertainable loss of money or property by virtue of the acts and omissions of the Defendants described more fully herein.

265. As set forth more fully above, the Kyung Kim Defendants, Paul Kim Defendants, Kwang Ho Kim Defendants, Hee Park Defendants, Belk Defendants and Wilenzik Defendants engaged in a number of unfair and deceptive acts and practices in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. 73 P.S. § 201–2(4)(i)–(xx).

266. Said acts and practices include but are not limited to falsely and deceptively representing to Plaintiffs the true nature of the GMT School, Jabez, Harvest Mission, KEU Corp., HCU, Stanton, WEM, Georgia Stanton, K & P Development, and WAIG, and falsely representing their intentions with regards to the purchase of the home at 1080 Sparrow Road, stealing $ 150,000 from the sale 500 shares, stealing the property of 5957 Leithgow Street, making the fraudulent mortgage note of $ 40,000.00 against the property at 527 Penny Lane, Philadelphia, stealing the tuitions over $ 300,000.00 from the GMT School and using fake documents in judicial proceedings.

267. As set forth more fully above, Defendants repeatedly violated Section 201-2(4)(xvii) of the UTPCPL by "[e]ngaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding."

268. As a direct and proximate result of Defendants' conduct, Plaintiffs have sustained damages as set forth more fully herein.

269.     Plaintiffs have and will incur attorney's fees and costs and intend to seek repayment of such costs from Defendants.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants and request that the Court enter an order: (a) awarding Plaintiffs their actual damages for the harm suffered as a result of the confusion and misunderstanding, plus three times the amount of actual damages pursuant to 73 PA.STAT.ANN §201-9.2(a); and (b) costs and reasonable attorney's fees pursuant to 73 PA.STAT.ANN §201-9.2(a).

## COUNT III
### (COMMON LAW FRAUD)

270.     The preceding paragraphs are incorporated herein.

271.     Defendants continually represented over an extended period of time that numerous investments were sound in multiple states and the schools would be open and those representations were false and known to be false by the Defendants at the time they were made and said investments were not real.

272.     The representations were made for the purpose of extracting funds and investments from victims and victims seeking to capitalize on trust and to induce victims and investors (such as Plaintiffs) into paying funds to Defendants.

273.     The representations were material as but for Defendants' expressions of them, Plaintiffs would not have undertaken the course of conduct that they did including but not limited to their substantial investments of monies in the various business entities established by Defendants.

274.     Defendants knew that the representations were false when expressed.

275.     Defendants intended that Plaintiffs act on the representations in the manner reasonably contemplated by Defendants.

276. Plaintiffs did not know and could not have known the representations were false when made.

277. Plaintiffs reasonably relied on the representations as truthful.

278. Defendants made the fraudulent representations egregiously, willfully, purposefully, maliciously and with wanton disregard for Plaintiffs' rights.

279. In addition to the foregoing, Defendants purposefully concealed material facts from Plaintiffs; namely, those relating to their true reasons for seeking Plaintiffs' investment money and as otherwise set forth at length hereinbefore.

280. Defendants purposefully concealed the same intending and knowing Plaintiffs would rely on the same concealment to associate with and accept influence from Defendants as alleged hereinbefore.

281. Plaintiffs relied on Defendants' concealment.

282. Defendants' concealment was motivated by their actual malice and wanton and purposeful disregard of Plaintiffs' rights.

283. The above described acts of Defendants constitute fraud under the common law of Commonwealth of Pennsylvania.

284. As a direct and proximate result of Defendants' fraud, Plaintiffs sustained harm, including as set forth at length hereinbefore.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants and demands damages in the following respects: (a) compensatory damages in an amount that will make them whole; (b) pre- and post-judgment interest thereon; (c) punitive damages in an amount that will dissuade Defendants from so acting in the future; (d) attorneys' fees, expenses and costs of suit; (e) such other relief that the Court deems equitable and just.

## COUNT IV
## (CIVIL CONSPIRACY)

285.    The preceding paragraphs are incorporated herein.

286.    For the reasons and by the means set forth at length hereinbefore, Defendants combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means.

287.    For the reasons and by the means set forth at length hereinbefore, Defendants so acted with malice; namely, an intent to injure Plaintiffs without justification.

288.    For the reasons and by the means set forth at length hereinbefore, each Defendant performed some overt act in pursuance of the common purpose or design, and actual damage resulted to Plaintiffs as also set forth at length hereinbefore.

289.    Defendants, and each of them, so acted materially and egregiously, effected same willfully, maliciously, and with wanton disregard for Plaintiffs' rights, and acted in respects outrageously.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants and demands damages in the following respects: (a) compensatory damages in an amount that will make them whole; (b) pre- and post-judgment interest thereon; (c) punitive damages in an amount that will dissuade Defendants from so acting in the future; (d) attorneys' fees, expenses and costs of suit; (e) such other relief that the Court deems equitable and just.

## COUNT V
## (Negligence)

290.    The preceding paragraphs are incorporated herein.

291.    Defendants had a duty to notify Plaintiffs if the investments were wrong because Plaintiffs were investors, and that the investments were incurring substantial out-of-pocket

expenses in paying for such items associated with the investments including but not limited to initial deposits, interests, out-of-pocket expenses, and other costs.

292. Defendants breached their duty to Plaintiffs by not performing the contracts.

293. As a result of the foregoing, Plaintiffs have incurred damages including but not limited to: (i) their original $ 2.1 million investment; (ii) a substantial amount of out-of-pocket expenses to be proven at trial; (iii) interest, penalties and lost profits to be proven at trial; (iv) the loss of valuable business opportunities, earnings and income in amounts to be proven at trial; (v) serious and lasting harm to their business goodwill and professional reputation; and (vi) attorneys' fees, expenses and costs of suit.

## COUNT VI
### (Unjust Enrichment)

294. The preceding paragraphs are incorporated herein.

295. Defendants came into possession of Plaintiffs' initial investment of $2.1 million regarding investments and have been unjustly enriched thereby to Plaintiffs' impoverishment.

296. Defendants have enjoyed the use, benefits, and privileges of possession of the aforesaid sum and have used it in their business activities deriving substantial revenues and profits there from.

297. Plaintiffs have been deprived of said monies.

298. Defendants have been unjustly enriched by their possession and use of the aforesaid sum.

299. Plaintiffs are entitled to recover from said Defendants on the basis of unjust enrichment the aforesaid sum.

300. As a result of the foregoing, Plaintiffs have incurred damages including but not limited to: (i) their original $ 2.1 million investment; (ii) a substantial amount of out-of-pocket

expenses to be proven at trial; (iii) interest, penalties and lost profits to be proven at trial; (iv) the loss of valuable business opportunities, earnings and income in amounts to be proven at trial; (v) serious and lasting harm to their business goodwill and professional reputation; and (vi) attorneys' fees, expenses and costs of suit.

## COUNT VII
### (Monies Had and Received)

301.    The preceding paragraphs are incorporated herein.

302.    Defendants received over $ 2.1 million regarding investment money from Plaintiffs and had the use of same.

303.    Defendants did not perform any services for said sums.

304.    Defendants have refused to return these sums to Plaintiffs despite Plaintiffs' repeated demands for same.

305.    As a result of the foregoing, Plaintiffs have incurred damages including but not limited to: (i) their original $ 2.1 million investment; (ii) a substantial amount of out-of-pocket expenses to be proven at trial; (iii) interest, penalties and lost profits to be proven at trial; (iv) the loss of valuable business opportunities, earnings and income in amounts to be proven at trial; (v) serious and lasting harm to their business goodwill and professional reputation; and (vi) attorneys' fees, expenses and costs of suit.

## COUNT VIII
### (DECLARATORY JUDGEMENT)

**PLAINTIFFS v. THE GMT SCHOOL, JABEZ, STANTON UNIVERSITY, PYUNGGANG ORIENTAL HOSPITAL OF STANTON UNIVERSITY, HENDERSON CHRISTIAN UNIVERSITY, WESTMINSTER UNIVERSITY, WORLD ASIAN INVESTMENT GROUP, L.P., K & P DEVELOPMENT, INC., PROPERTY AT 5957 LEITHGOW STREET, PHILADELPHIA, ESCROWED FUND AT CALLOWAY TITLE & ESCROW, LLC. ($ 50,000.00), ESCROWED FUND AT HENDERSON CHRISTIAN UNIVERSITY ($ 96,349.99), and ESCROWD FUND OF $ 50,000.00 WITH DEFENDANT HEE JUNG PARK TO PURHCASE WAIG.**

306. The preceding paragraphs are incorporated herein.

307. Pursuant to the Declaratory Judgment Act and Rule 57 of the Federal Rules of Civil Procedure, this Court is authorized to declare the rights and legal relations of any party seeking such declaration. 28 U.S.C. § 2201; FED.R.CIV.P. 57.

308. There is an actual case or controversy between Plaintiffs and Defendants.

309. As set forth more fully hereinbefore, Defendants stole the property at 5957 Leithgow Street, Philadelphia, Pennsylvania from Plaintiff Kathleen Chung.

310. As set forth more fully hereinbefore, Defendants put $ 50, 000.00 into the escrow account of Calloway Title & Escrow, LLC. to purchase the property at 4067 Industrial Park Drive, Norcross, Gwinett County, Georgia 30071.

311. As set forth more fully hereinbefore, Plaintiffs gave $ 100,000.00 to Defendants and Defendant Hee Park put $ 50, 000.00 into the escrow account to sell the property of GMT School at 1001 W. Cheltenham Avenue, Elkins Park, Pennsylvania.

312. As set forth more fully hereinbefore, Kwang Ho Kim Defendants were paid over $ 300,000.00 for Westminster University, Georgia Stanton and Stanton.

313. As set forth more fully hereinbefore, Plaintiffs gave $ 96,349.99 to purchase HCU at 286-288 Eighth Avenue, Cramerton, North Carolina 28032.

314. As set forth more fully herein, Plaintiffs were promised that in connection with their investments they would receive an ownership interest in the GMT School and its affiliated entities including Jabez, Stanton, Pyunggang Oriental Hospital, HCU, Westminster University, K & P Development, and WAIG.

315. In reliance on those promises, Plaintiffs made substantial investments into these entities in excess of $ 2.1 million dollars.

316.    Given Plaintiffs' substantial investments on the basis of Defendants' representations as set forth herein, Plaintiffs are entitled to a declaration of their ownership interests in the Defendants' entities.

**WHEREFORE**, Plaintiffs request declaratory judgment in their favor and against Defendants setting forth their rights in the GMT School, Jabez, Stanton, HCU, Westminster University, Pyunggang Oriental Hospital of Stanton University, WAIG, the property at 5957 Leithgow Street, Philadelphia, Pennsylvania, the escrowed fund of $ 50,000.00 at Calloway Title & Escrow, LLC., the escrowed fund of $ 96,349.99 at Henderson Christian University, and the escrowed fund of $ 50,000.00 to purchase the property from Defendant Hee Park and WAIG .

## JURY DEMAND

Plaintiffs demand trial by a jury of twelve on all claims to which they are so entitled.

Dated:  October 2/, 2013

Respectfully submitted,

BY: _____
Myong Ja Jhang, Plaintiff

x _____
Kathleen Bang Whan Chung, Plaintiff

x _____
Dong Il Kim, Plaintiff